Entered on Docket
December 20, 2019
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WARREN C. HAVENS,<br><br>　　　　　Appellant,<br><br>　v.<br><br>LEONG PARTNERSHIP,<br><br>　　　　　Appellee. | No.　18-15679<br><br>D.C. No. 3:17-cv-02882-WHO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted December 17, 2019[**]

Before:　FARRIS, TROTT, and SILVERMAN, Circuit Judges.

Warren Havens appeals pro se the district court's judgment affirming the bankruptcy court's award of attorneys' fees under 11 U.S.C. § 303(i) following the dismissal of an involuntary Chapter 11 petition Havens filed against Leong Partnership. We review the bankruptcy court's interpretation of bankruptcy

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

statutes de novo, without deference to the district court's review. *Vibe Micro, Inc. v. SIG Capital, Inc. (Matter of 8Speed8, Inc.)*, 921 F.3d 1193, 1195 (9th Cir. 2019), *cert. denied*, 2019 WL 4922757 (U.S. Oct. 7, 2019) (No. 19-137). We "will not disturb a bankruptcy court's award of attorney's fees unless the court abused its discretion or erroneously applied the law." *Orange Blossom Ltd. P'ship v. Southern Calif. Sunbelt Developers, Inc. (In re S. Cal. Sunbelt Developers, Inc.)*, 608 F.3d 456, 461 (9th Cir. 2010). We affirm.

The bankruptcy court properly treated Arnold Leong as a debtor for purposes of an award of attorneys' fees under 11 U.S.C. § 303(i) because the bankruptcy petition alleged that he was a general partner of debtor Leong Partnership. *See* 11 U.S.C. § 303(i) (authorizing an award of "a reasonable attorney's fee" in favor of the debtor); Fed. R. Bankr. P. 9001(5)(B) (providing that "if the debtor is partnership, 'debtor' includes any or all of its general partners").

Using the lodestar method, the bankruptcy court properly exercised its discretion in awarding bankruptcy counsel's requested fee in full; in concluding that litigation counsel's work was necessary; and in reducing litigation counsels' requested fee by 20% based on duplication of effort and block billing. *See In re S. Cal. Sunbelt Developers, Inc.*, 608 F.3d at 461 (standard of review); *In re Hunt*, 238 F.3d 1098, 1105 (9th Cir. 2001) (holding, on review of an award of attorneys' fees under 11 U.S.C. § 523(d), that the lodestar method is the primary method used

3

to determine a reasonable fee in a bankruptcy case).

Appellant's motion for a stay (Docket Entry No. 19) is denied.

Appellant's motions for judicial notice (Docket Entry Nos. 20-22) are denied.

**AFFIRMED.**